In the Matter of OLIVER MCNAIR, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, June 27, 1961.

*Morris L. Wolf* of counsel (*Robert G. Sheller,* attorney), for appellant.

*Louis Strassberg* of counsel (*Tabacoff, Sylvan & Tabacoff,* attorneys), for respondent.

BOTEIN, P. J. In further implementation of its program to secure compensation to innocent victims of motor vehicle accidents, the Legislature has enacted article 17-A of the Insurance Law, effective January 1, 1959. This article created the Motor Vehicle Accident Indemnification Corporation ("MVAIC"), of which every insurance company authorized to write automobile liability insurance in this State must become a member. MVAIC is required to provide compensation in limited amounts against loss resulting from liability imposed by law for bodily injury or death, to certain designated "qualified" persons who may be involved in accidents caused, among other things, by the owner or operator of an uninsured automobile or by an unidentified "hit and run" driver.

Petitioner, a pedestrian who was injured by an unidentified "hit and run" driver, was granted permission at Special Term to bring an action against MVAIC, pursuant to the provisions of section 618 of the Insurance Law. MVAIC, the respondent-appellant herein, opposed the application upon two grounds: first, that this was not a "hit and run" case within the meaning of the statute, and second, that petitioner is not a "qualified person" protected by the provisions of article 17-A.

Short shrift can be made of the first ground, as the record supports the necessary finding that petitioner was the victim of a "hit and run" accident, and that all reasonable attempts to ascertain the identity of the driver have been unavailing.

There remains the contention that respondent is not a "qualified person" within the definition set forth in subdivision b of section 601 since he was the owner of an uninsured motor vehicle, although he was a pedestrian and not in his car when he met with the accident. The statutory definition is as follows: "b. 'Qualified person' means (1) a resident of this state, other

than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative, or (2) a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this state, of substantially similar character to that provided for by this article, or his legal representative.''

Textually, the exclusions in the above-quoted clause (1) harbor some ambiguity. It can be argued, with some measure of verisimilitude, as in the learned dissenting opinion, that they may be construed to embrace (a) an insured, (b) the owner of an uninsured vehicle in all circumstances, and (c) the spouse of the owner of an uninsured vehicle when the spouse is a passenger in it.

This construction, it seems to us, disregards the traditional usage of the disjunctive *or,* which `` denotes an alternative, contrast or opposition between the ideas it connects '' (Webster's New International Dictionary, 2d ed.). For it is to be observed that throughout the definition categories are differentiated by *or* except in the phrase `` owner of an uninsured motor vehicle *and* his spouse when a passenger in such vehicle ''. (Italics supplied.) In other words, had the Legislature intended to give the owner of an uninsured vehicle a different qualifying status than his spouse, they would have been contrasted by the disjunctive *or* instead of being coupled by the conjunctive *and.*

This would appear to be the construction placed upon the statute by Murphy and Netherton in Public Responsibility and the Uninsured Motorist (47 Georgetown L. J. 700, 742) : `` The New York law disqualifies any person operating any uninsured vehicle, and the owners [*sic*] of an uninsured vehicle, and his spouse if either are injured as passengers in such vehicle.'' (See, however, Ward, New York's Motor Vehicle Accident Indemnification Corporation — Past, Present and Future, 8 Buffalo L. Rev. 215, 231, which seems to express a contrary view.)

The need for such remedial measures as evinced in article 17-A and the somewhat similar unsatisfied judgment laws in other jurisdictions stems largely from the failure of a substantial number of car owners to carry insurance. The lawmakers may appropriately enough choose to deprive them of all benefits of the protective legislation; and they may appropriately enough contemplate that the deprivation may exert some pressure on them to insure. In North Dakota (N. D. Rev. Code, ch. 39–17), and in a number of Canadian provinces (see statutes cited in 9 Buffalo L. Rev. 283, 296, 297), such a consideration

has evidently not commended itself; and their laws apparently contain no inhibition of benefits to uninsured owners. In Maryland the beneficiary of the law of that State must show he "was not at the time of the accident operating an uninsured motor vehicle owned by him" (Ann. Code of Maryland, art. 66½, §§ 159, 167), representing a statutory compulsion to insure similar to what we hold the New York Legislature contemplated in enacting article 17-A.

In New Jersey the required showing is that he "was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child" (N. J. Stats. Ann., § 39:6-70, subd. [d]). Pertinent to our problem are the following remarks of the Supreme Court of New Jersey in a discussion of the words quoted: "The Legislature may have concluded that an owner who is not present in his vehicle and could exercise no control over it at the time of an accident is not as great a hazard to either the public or the Fund as an owner who is present in his vehicle at the time of the accident. It is also conceivable that the Legislature did not wish to make mere ownership of an uninsured motor vehicle the test of exclusion, as it may have considered the possibility that an uninsured owner might permit his vehicle to be operated by an insured driver when the owner is not present. Or that the vehicle might be damaged when not in operation — when it is parked or garaged. That the motor vehicle might be stolen or operated by one without the owner's permission is also conceivable. It may be, too, that the Legislature determined that the preclusion from recovery from the Fund by an owner who sustains injury or damage while he is operating or riding in his uninsured vehicle would probably be sufficient to induce the procurement of liability insurance and thus further the legislative objective of mitigating the evil which necessitated the act without enlarging the classification to include all uninsured owners." (*Robson* v. *Rodriquez,* 26 N. J. 517, 525-526.)

Our own Legislature, we believe, intended the following: each spouse, when a passenger in an uninsured vehicle owned by either, is disqualified; each spouse, when a pedestrian, is qualified. Whether the purpose of the clause (1) exclusion is viewed as a penalty for failure to insure, as appellant implies, or as coercion to remedy the failure, it seems to us a questionable refinement to treat husband and wife similarly when riding and otherwise when walking, absent clearer statutory guidance and satisfying policy reasons.

Accordingly, the order dated December 22, 1960, permitting petitioner-respondent to bring an action under section 618 of the Insurance Law should be affirmed, on the facts and the law, with costs to petitioner-respondent.

STEUER, J. (dissenting). I dissent. This is an appeal from an order of Special Term granting the petitioner the right to sue respondent, Motor Vehicle Accident Indemnification Corporation, for the results of a " hit and run " accident as defined in article 17-A of the Insurance Law. The application was resisted on two grounds, but as it is believed that the first ground is controlling, that only will be discussed.

The ground in question is that petitioner is not a " qualified person " pursuant to the statute. Concededly, permission can be granted only to a qualified person. A qualified person is defined in the statute (Insurance Law, § 601, subd. b) as follows: "b. ' Qualified person ' means (1) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative ". It is conceded that the applicant is the owner of an uninsured motor vehicle. The argument was, however, made, and accepted by Special Term and the majority of this court, that the restriction above set out does not apply where the operation of the uninsured vehicle was not involved in the accident. That is the situation in this case, as the petitioner was struck by the hit and run vehicle while walking in the street. The question that is presented is whether the Legislature, in providing for the exception above noted, intended to exclude all owners of uninsured vehicles or only to prevent applications arising out of accidents in which the injured were operating or connected with their uninsured vehicles. It is believed that the former is the only possible answer to be derived from the internal evidence of the statute itself. There are two bases for this belief. The first is the definition above set out. It is to be noted that the spouse of the owner is not qualified when a passenger in the uninsured vehicle. Obvious interpretation would require that it be held that such a spouse was a qualified person at all times other than when she was a passenger in the vehicle. The failure to make that exception in regard to the owner certainly indicates a contrary intent. This alone should compel the interpretation here expressed. But that is not all to be found in the statute. The statute further provides (§ 618) that, in order to obtain permission to sue, the applicant must show (2) that he is a qualified person and (3) he was not at the time of the accident operating an unin-

sured motor vehicle. If the sense of the statute was that an owner of an uninsured vehicle was only barred when the accident arose in connection with the operation of that vehicle, this last section (§ 618, subd. 3) would be sufficient to bar him, and the definition of a qualified person would be entirely unnecessary. It is to be observed that this last section bars a qualified person, that is, one who is not the owner of an uninsured vehicle, if he is operating an uninsured vehicle. If an owner were barred only when operating his vehicle, this section alone would be enough to bar him. Moreover, the interpretation given by Special Term is not logically consistent. It would hardly be expected in the face of the wording that an uninsured owner who was riding in his vehicle when the vehicle was struck by a hit and run driver could recover, even though he was entirely without fault as regards the accident. If recovery were allowed then the definition of a qualified person is entirely without meaning. And yet his fault is no greater in this instance than when he is a pedestrian.

When it is considered that the creation of the Motor Vehicle Accident Indemnification Corporation was provided for in connection with the program of compulsory insurance for motor vehicles and to provide for the situation where an owner of a motor vehicle did not comply with the statutory direction as to insurance, it could well be the legislative intent that all such persons who create the problems by their refusal to comply with the law should be barred from the benefits of the act, regardless of whether their injuries arose from their noncompliance or had no connection with it. A person who exposes others to injuries for which compensation could not be had because of his failure to procure insurance should not be allowed to take advantage of the opportunity to correct this situation, which opportunity comes from the utilization of the premiums which all insured owners pay. The use of the expression " qualified person " lends additional force to the argument that this was the legislative intent.

The order should be reversed and the application denied.

BREITEL and VALENTE, JJ., concur with BOTEIN, P. J.; STEUER, J., dissents and votes to reverse in opinion in which RABIN, J., concurs.

Order entered on December 22, 1960, permitting petitioner-respondent to bring an action under section 618 of the Insurance Law, affirmed, on the law and on the facts, with $20 costs and disbursements to petitioner-respondent.